UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID J. HARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02621-TWP-TAB |
| | ) | |
| PAUL A. TALBOT Dr., | ) | |
| ALYCIA MCCULLOUGH H.S.A., | ) | |
| CARRIE WELDER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND
DIRECTING SERVICE OF PROCESS**

**I.     SCREENING STANDARD**

Plaintiff David J. Harman is a prisoner currently incarcerated at Pendleton Correctional Facility.  Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants.  Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. THE AMENDED COMPLAINT

Mr. Harman identifies six defendants: (1) Corizon Medical Services, Inc.; (2) Wexford of Indiana Medical, LLC; (3) Dr. Paul A. Talbot; (4) Nurse Janet Decker-Radford; (5) Alycia McCullough (H.S.A.); and (6) Carrie Welder, Medical Administrative Assistant. He alleges that since June 2015, he has been denied and refused adequate, proper, and effective medical care and treatment by the defendants for his ongoing chronic spinal issues. He states that the defendants have denied his request to see an outside orthopedic specialist. He has only been prescribed ineffective pain medication and not prescribed the recommended pain medication from an outside specialist he previously saw. He asserts that he suffers from extreme pain in his mid and lower back and has not received relief of any kind. He further states that, in addition to denying him medical care, Dr. Talbot and Nurse Decker-Radford have filed false medical record claims to give the false impression that Mr. Harman has received adequate care. HSA Alycia McCullough and Carrie Welder have refused to schedule appointments for Mr. Harman. Additionally, Wexford and Corizon have practices and policies that have prevented Mr. Harman from receiving constitutionally adequate medical care.

The plaintiff seeks monetary damages and injunctive relief for proper medical care.

## III. DISCUSSION OF CLAIMS

Based on the above screening, Mr. Harman's Eighth Amendment claim of deliberate indifference to his serious medical need **shall proceed** against defendants Dr. Paul A. Talbot,

Nurse Janet Decker-Radford, Alycia McCullough (H.S.A.), and Carrie Welder, Medical Administrative Assistant.

Because Corizon and Wexford acted under color of state law by contracting to perform a government function, i.e., running a correctional institution or providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Mr. Harman has effectively alleged that Corizon and Wexford had a practice of denying medical treatment for serious medical needs, and as a result, he failed to receive adequate medical treatment for his chronic spinal issues. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (holding that the failure to make policy itself may be actionable conduct). Because Mr. Harman has adequately alleged a policy claim against Corizon and Wexford, the claim that Mr. Harman's Eighth Amendment rights were violated by Corizon and Wexford **shall proceed.** Any claim against Corizon for injunctive relief is **dismissed as moot**. Wexford took over for Corizon on April 1, 2017, so Corizon is no longer responsible for Mr. Harman's medical care.

If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through November 15, 2018,** in which to identify those claims.

## IV. DUTY TO UPDATE ADDRESS

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep

the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

V. SERVICE OF PROCESS

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Corizon Medical Services, Inc.; (2) Wexford of Indiana Medical, LLC; (3) Dr. Paul A. Talbot; (4) Nurse Janet Decker-Radford; (5) Alycia McCullough (H.S.A.); and (6) Carrie Welder, Medical Administrative Assistant in the manner specified by *Fed. R. Civ. P.* 4(d). The **clerk is directed to update** the docket to reflect the correct defendants. Process shall consist of the amended complaint (docket 10), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 10/17/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID J. HARMAN
231831
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Corizon Medical Services
103 Powell Court
Brentwood, TN 37027

Wexford Medical
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

Dr. Paul Talbot
Medical Provider
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana 46064

Nurse Janet Decker-Radford
Medical Provider
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana 46064

Alycia McCullough (H.S.A.)
Medical Provider
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana 46064

Carrie Welder
Medical Provider
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana 46064

Courtesy Copy to:

    Douglass R. Bitner
    Katz Korin Cunningham, P.C.
    334 North Senate Avenue
    Indianapolis, IN 46204

    Jeb Adam Crandall
    Bleeke Dillon Crandall
    8470 Allison Pointe Blvd # 420
    Indianapolis, IN 46250